Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9502 | **DATE** | July 15, 2003 |
| **CASE TITLE** | *Traci Radmanovich, on behalf of herself and others similarly situated vs. Combined Insurance Company of America* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court grants in part and denies in part plaintiff's motion to serve notice under Rule 23(e) and (d)(2) and for stay of limitations [79-1] as follows: (1) the court grants plaintiff's motion to serve notice under Rule 23(e); (2) the court denies as moot plaintiff's motion to serve notice under Rule 23(d)(2); and (3) the court denies plaintiff's motion for stay of limitations. The court orders plaintiff's counsel to submit a draft Rule 23(e) notice by Tuesday, July 29, 2003, for the court's approval.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | JUL 16 2003 | |
| ✓ | Notified counsel by telephone. | | | date docketed | 83 |
| | Docketing to mail notices. | | U.S. DISTRICT COURT | | |
| | Mail AO 450 form. | | CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 03 JUL 15 PM 4:53 | | |
| CW | courtroom deputy's initials | | FILED-TO | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

TRACI RADMANOVICH, on behalf )
of herself and others similarly situated, )
)
Plaintiffs, )
)
v. ) Case No: 01 C 9502
)
COMBINED INSURANCE COMPANY ) Judge James H. Alesia
OF AMERICA, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

On June 26, 2003, this court denied plaintiff's motion for class certification. *Radmanovich v. Combined Ins. Co. of Am.*, --- F. Supp. 2d. ---, No. 01 C 9502, 2003 WL 21487155 (N.D. Ill. June 26, 2003). Currently before the court is plaintiff's motion to serve notice under Rule 23(e) and (d)(2) and for stay of limitations. For the following reasons, the court grants in part and denies in part plaintiff's motion.

### I. DISCUSSION

A. **Background**

Plaintiff Traci Radmanovich ("Radmanovich") originally brought this suit as a class action, claiming that defendant Combined Insurance Company of America ("Combined") discriminated against her and the potential class members, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Particularly, she alleged that Combined discriminated against its female employees with regard to hiring, promotions, and

commission opportunities and that the company created a work environment that was hostile towards women. Radmanovich filed a motion to certify the class that she sought to represent, and the court denied that motion on June 26, 2003.

Radmanovich has now filed a motion to serve notice under Rule 23(e) and (d)(2) and for stay of limitations. First, the court will address Radmanovich's motion to serve notice. Second, the court will consider Radmanovich's motion for stay of limitations.

B.  **Radmanovich's Motion to Serve Notice**

Radmanovich argues that notice should issue pursuant to both Rule 23(d)(2) and 23(e). First, the court will review Radmanovich's argument regarding notice under Rule 23(e).

Under Rule 23(e), "notice of the proposed dismissal or compromise [of a class action] shall be given to all members of the class." FED. R. CIV. P. 23(e). The Seventh Circuit has held that Rule 23(e) applies both to classes that have been certified and to cases that have been filed as class actions, but not yet certified. *Morency v. Evanston N.W. Healthcare Corp.*, No. 98 C 8436, 1999 WL 521155, at *3 (N.D. Ill. July 15, 1999) (citing *Baker v. Am.'s Mortgage Serv'g, Inc.*, 58 F.3d 321, 324 (7th Cir. 1995)) (additional citations omitted).

Radmanovich and Combined disagree regarding the application of the Seventh Circuit's decision in *Culver v. City of Milwaukee*, 277 F.3d 908 (7th Cir. 2002), to the instant case. In *Culver*, the Seventh Circuit held that notice under Rule 23(e) must issue where a class was initially certified by the district court but was later decertified when the district court discovered that the class representative would provide inadequate representation. *Id.* at 914. Radmanovich argues that the Seventh Circuit's reasoning in *Culver* requires this court to grant her motion

under Rule 23(e). Combined argues in response that *Culver* is distinguishable from the instant case and that notice should not issue.

In *Culver*, the Seventh Circuit initially stated that the purpose of Rule 23(e) is to "enable the class members to protect their interests in the face of the dismissal of the class action." *Id.* The court then found that one of these interests is the need to protect one's individual claims against the expiration of the statute of limitations. *Id.* Next, the Seventh Circuit noted that Rule 23(e) applies to both putative and certified class actions because the danger of prejudice to class members from dismissal of the class suit is the same in either case. *Id.* Further, the Seventh Circuit stated, "decertification has the same effect on the members of the class, so far as the running of the statute of limitations is concerned, as dismissal of the class action – it is tantamount to dismissal – and so it should be treated the same under Rule 23(e)." *Id.* at 915. The Seventh Circuit said that the district court's finding that the class members were probably unaware of the class action and, therefore, would not be prejudiced was insufficient. *Id.* at 914. The court stated that Rule 23(e) applies when some class members *may* have been prejudiced by the dismissal or decertification of a class action. *Id.* (emphasis added). Thus, the Seventh Circuit's reasoning in *Culver* is clear: when members of a class – whether putative or certified – may be relying upon the class action to present their individual claims and the class action disappears, those individuals are entitled to notice under Rule 23(e).

In this case, the court finds that some of the women who were potential class members were aware of the class action. Radmanovich's counsel obtained declarations from over one hundred potential class members, in support of her motion for class certification. Additionally,

3

more potential class members may have become aware of the case through the media. Because the possibility that many absent potential class members were aware of the putative class action, the court finds that they may have been relying upon the class action to assert their claims. Thus, the court concludes that *Culver* requires notice to issue under Rule 23(e). *See id.* at 915 ("The judge's duty is to order notice unless the risk of prejudice to absent class members is nil.").

Combined attempts to distinguish *Culver* and cites in support of its argument *Edwards v. Clendenon Henney & Hoy*, No. 02-09271-C T/K, 2003 WL 21254438 (S.D. Ind. Mar. 17, 2003). In *Edwards*, the Southern District of Indiana denied a plaintiff's motion – under Rule 23(e) – to send notice to the class after the court denied a motion for class certification. *Id.* at *2. In reaching its decision, the court distinguished *Culver* on its facts because *Culver* involved a class that was initially certified but later decertified. *Id.* In *Edwards*, the court stated that *Culver* "should be limited to situations in which the class members have received formal notice of the class action and may have relied on that notice." *Id.* The Southern District of Indiana stated that the class members in *Culver* had received formal notice of the class action and distinguished the Seventh Circuit's decision on that point. *Id.* Combined argues that this court should follow the reasoning of the *Edwards* court.

The court is not persuaded by Combined's arguments. First, the court disagrees respectfully with the *Edwards* court's reading of *Culver*. Although *Culver* involved a case in which class certification had been granted, the Seventh Circuit's reasoning expressly referred to both putative and certified class actions. *Culver*, 277 F.3d at 914. Although *Edwards* emphasized the formal notice received by the class members in *Culver* in distinguishing the

4

Seventh Circuit case, the court finds no mention of formal notice of certification in the *Culver* decision. Instead, the Seventh Circuit simply relied upon the fact that some of the class members may have been aware of the suit and, therefore, may have been prejudiced without receiving notice of the decertification. *Id.* Second, the court questions whether formal notice issued in *Culver*, as the *Edwards* court assumed. In *Culver*, the Seventh Circuit noted that the district court thought that the class members "probably were unaware of the suit and therefore would not be prejudiced by its demise." *Id.* Consequently, the court questions whether formal notice of class certification did, in fact, issue in *Culver*. The absence of such formal notice would seriously undermine the reasoning of the *Edwards* court. Therefore, the court does not find Combined's arguments persuasive.[1]

The court grants Radmanovich's motion for notice pursuant to Rule 23(e). Because the court has determined that notice is appropriate under Rule 23(e), it need not consider the parties' arguments under Rule 23(d)(2) and denies as moot Radmanovich's motion under Rule 23(d)(2). The court orders Radmanovich's counsel to submit a draft Rule 23(e) notice for the court's approval by Tuesday July 29, 2003. *See id.* ("The judge's duty ... is to review for adequacy the form of notice proposed by class counsel in response to the order.").

C.  **Radmanovich's Motion for Stay of Limitations**

Radmanovich argues that the statute of limitations should be tolled, in order to allow women who would have been members of the class to file individual claims. She contends that

---

[1] Combined also argues that Radmanovich's motion is an attempt by her counsel to obtain court sanction to solicit individual claims. The court acknowledges this potential problem but agrees with Radmanovich that any such problem will be eliminated by court review of the notice.

5

the statute of limitations should be tolled for one year, under the Illinois Savings Statute, 735 ILL. COMP. STAT. 5/13-202. Additionally, Radmanovich argues that the court should equitably toll the limitations period and order a grace period for the filing of individual suits.

In Illinois, a Title VII plaintiff must file a charge with the EEOC within 300 days of the alleged discrimination. *Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 892 (7th Cir. 2001). *See also* 42 U.S.C. § 2000e-5(e)(1). The plaintiff then has ninety days after receiving her "right to sue" letter to file a lawsuit. 42 U.S.C. § 2000e-5(f)(1). As a general rule, the statute of limitations is tolled for class members until the court determines that the case cannot proceed as a class action. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) (citations omitted). Generally, tolling ends as soon as the district court refuses to certify the class action. *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 265 (7th Cir. 1998) (citing *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 561 (1974)).

Radmanovich argues that this court should borrow the Illinois Savings Statute and toll the limitations period for individual plaintiffs for one year. Federal courts borrow state savings statutes *only* when the federal cause of action is based upon a state statute of limitations. *Beck v. Caterpillar Inc.*, 50 F.3d 405, 406 (7th Cir. 1995). However, the limitations period for Title VII actions is governed by 42 U.S.C. § 2000e-5. Therefore, because the Title VII statute of limitations is based upon federal law, the Illinois Savings Statute does not apply to this case.

In support of her argument that the court should toll the limitations period based upon the Illinois Savings Statute, Radmanovich cites two cases, *Chardon v. Fumero Soto*, 462 U.S. 345, 352-54 (1983), and *American Pipe*, 414 U.S. at 553-54. The court will discuss the applicability

of each of these cases in turn. First, *Chardon* involved a case brought under 42 U.S.C. § 1983, and the limitations period for those cases is derived from the state statute of limitations. *See Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). Therefore, *Chardon* is inapplicable to the instant case. Second, *American Pipe* involved an antitrust case and discussed intervention by a plaintiff who was a potential class member. The case is unpersuasive for two reasons. The Clayton Act includes specific language that tolls the statute of limitations for actions under the act. Furthermore, the court's holding extended only to intervention of individual plaintiffs and did not discuss the limitations period for individual plaintiffs to file their own lawsuits. Accordingly, the court finds that Radmanovich's reliance upon these two cases is misplaced.

Radmanovich correctly points out that the Title VII statute of limitations can be subject to tolling. In fact, she concedes that the statute of limitations, for individual claims, resumes running upon the denial of class certification. (Pl.'s Reply, at 6.) Additionally, Radmanovich acknowledges that it will be difficult to determine the appropriate limitations period for the absent class members. (Pl.'s Reply, at 7.) In the court's June 26, 2003 memorandum opinion, the court noted the diversity between each absent individual's claims. *Radmanovich*, 2003 WL 21487155, at *9-*11. Therefore, whether a particular individual is entitled to a tolling of the statute of limitations should be made on a case-by-case basis if and when she files her own lawsuit.

Therefore, the court denies Radmanovich's motion for stay of limitations.

## II. CONCLUSION

For the foregoing reasons, the court grants in part and denies in part Radmanovich's motion to issue notice under Rule 23(e) and (d)(2) and for stay of limitations as follows: (1) the court grants Radmanovich's motion to serve notice under Rule 23(e); (2) the court denies as moot Radmanovich's motion to serve notice under Rule 23(d)(2); and (3) denies Radmanovich's motion for stay of limitations. The court orders Radmanovich's counsel to submit a draft Rule 23(e) notice by Tuesday July 29, 2003, for the court's approval.

Date: JUL 15 2003

James H. Alesia
United States District Judge